NETTIE RULLIS, BY NEXT FRIEND, RALPH RULLIS, AND RALPH RULLIS, PLAINTIFFS-RESPONDENTS, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A CORPORATION, DEFENDANT-APPELLNT.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs-respondents, *Kalisch & Kalisch* (*Isidor Kalisch,* on the brief).

For the defendant-appellant, *Henry H. Fryling* (*James O. Boyd,* on the brief).

PER CURIAM.

This is an appeal by the defendant from the judgment of $4,500 damages for Nettie Rullis and $1,200 for Ralph Rullis growing out of an accident whereby an automobile of the defendant hit and injured the minor plaintiff as she was crossing Orange street, Newark, New Jersey. Defendant's car had been proceeding north on Broad street and had just made the swing from Broad street around into Orange street.

The argument of the appellant is that the court erred in denying the motion for nonsuit and also in denying motion for direction of verdict in favor of the defendant. The questions argued are the negligence of defendant's driver and the contributory negligence of the infant plaintiff.

There was evidence from which it could be found that the child, twelve and one-half years of age, before leaving the curb had taken an observation in each direction; that she saw no traffic coming and left the curb at a distance of about three feet in front of a truck parked there; that having reached the

outside line of the truck she again looked in each direction, whereupon she walked four feet to the nearest trolley rail and thence across the two rails to the middle of the street, there being two sets of tracks; that she then paused, looked and saw the defendant's automobile at a distance of ten or fifteen feet coming down upon her, endeavored to step back but was hit and injured; that the car without its horn being sounded had come around the corner at a rate of twenty or twenty-five miles per hour and proceeded squarely down the middle of the street.

We believe that the evidence was such as to make the case one for the jury. We find that the court was justified in refusing both the motion for nonsuit and the motion for direction of verdict. The evidence would justify the jury in believing that the car was coming down the middle of the street, and that the child had walked approximately ten feet from the outside line of trucks parked at the curb to where she was hit. It was properly left to the jury to determine whether defendant's employe had turned the corner at such speed, or, regardless of the actual miles per hour, with such indifference to the rights of others on the highway, that he did not observe, or observing did not heed, a pedestrian crossing the street under such circumstances. Nor can we say, as a matter of law, that under the proof the child was guilty of contributory negligence.

Judgment below will be affirmed.